UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ELIZABETH LUKSHA,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD.
d/b/a NORWEGIAN CRUISE LINE,

    Defendant.
_____/

# COMPLAINT

COMES NOW the Plaintiff, ELIZABETH LUKSHA, by and through her undersigned counsel, and sues the Defendant, NCL (BAHAMAS) LTD. d/b/a NORWEGIAN CRUISE LINE, (hereinafter referred to as "NCL") for damages, and states as follows:

1. That this is a claim for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorney's fees.

2. That at all times material hereto, the Plaintiff, ELIZABETH LUKSHA, was and is a citizen of the State of Florida.

3. That at all times material hereto, the Defendant, NCL (BAHAMAS) LTD. d/b/a NORWEGIAN CRUISE LINE, was and is a foreign corporation authorized to do business and doing business in Miami-Dade County, Florida. Furthermore, NCL was the owner and operator of the cruise vessel known as the NORWEGIAN DAWN.

4. That this court has jurisdiction pursuant to *28 U.S.C. §1333.*

5. That on or about February 5, 2014, the Plaintiff, ELIZABETH LUKSHA, was a passenger aboard the NORWEGIAN DAWN.

6. That on or about February 5, 2014, the NORWEGIAN DAWN was anchored in Belize in a position which required its passengers to be transported ashore in a tender.

7. That while she was being transported ashore aboard a tender, the Plaintiff, ELIZABETH LUKSHA, was seriously injured when a door or hatch struck her in and about the area of her head.

8. That at all times material hereto, the Defendant, NCL, owed a duty to the Plaintiff to exercise reasonable care under the circumstances for her safety, including a non-delegable duty to provide safe transportation, under adequate supervision, to and from shore.

9. That the Defendant, NCL, breached its duty of care to the Plaintiff and was negligence in one or more of the following ways:

    (a) by creating a hazardous condition, to wit, an improperly secured door or hatch which suddenly and without warning opened and struck the Plaintiff in and about her head;

    (b) by failing to properly maintain, inspect, or secure said door or hatch;

    (c) by failing to provide a warning to its passengers, including the Plaintiff, of the improperly secured door or hatch.

10. That as a direct and proximate result of the negligence of the Defendant, NCL, as aforedescribed, the Plaintiff, ELIZABETH LUKSHA, suffered severe injuries, requiring medical treatment for said injuries, incurred medical expenses, lost income and her earning capacity has been impaired, suffered mental and physical pain and all said injuries are permanent and will continue into the future.

WHEREFORE, Plaintiff, ELIZABETH LUKSHA, demands judgment against the Defendant, NCL, for compensatory damages, together with costs, pre-judgment interest, and demands trial by jury of all issues so triable as a matter of right by jury.

Dated this 3rd day of February, 2015.

        WAKS & BARNETT, P.A.
        Attorneys for Plaintiff
        9900 SW 107th Ave., Suite 101
        Miami, FL 33176
        Tel: (305) 271-8282
        Fax: (305) 595-9776

By: /S/ JOEL M. BARNETT, ESQ.
     JOEL M. BARNETT
     FBN: 248428